UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MOHAMMED REZA SHAYESTEH,** : | |
| : | Case No. 1:07CV00746 |
| **Plaintiff,** : | |
| : | JUDGE KATHLEEN O'MALLEY |
| v. : | |
| : | |
| **MARK HANSEN, et al.,** : | <u>ORDER</u> |
| : | |
| **Defendants.** : | |

Before the Court is Defendant Mark Hansen, District Director of the Cleveland District Office of United States Citizen and Immigration Services ("CIS"), et al.'s *Motion to Dismiss or to Remand to U.S. Citizenship and Immigration Services* (Doc. 10). For the reasons outlined herein, the government's motion is **<u>DENIED.</u>**

On March 14, 2007, Plaintiff Mohammed Reza Shayesteh filed a *Petition for Hearing on Naturalization Application and Request for Declaratory and Injunctive Relief* (Doc. 1). The key allegations of Shayesteh's petition are: (1) he is a Lawful Permanent Resident of the United States; (2) he filed an application for naturalization on November 8, 2002; (3) he was interviewed by CIS on March 5, 2004; and (4) due to pending security checks, Shayesteh's petition remains pending.[1]

In its motion, the government argues that (1) Shayesteh's petition should be dismissed as premature because the 120 day period "after the date on which the examination is conducted under [INA § 336(b)]" has not elapsed; (2) that Shayesteh's petition should be dismissed because the Court lacks subject matter jurisdiction; and (3) alternatively, that the matter should be remanded to CIS to

---

[1] Shayesteh alleges that his wife, who applied and was interviewed at the same time as Shayesteh, was naturalized on January 28, 2005 – over three years ago.

await completion of the appropriate background checks.

The Court finds the government's arguments unpersuasive. The undersigned has previously found that, "the 120 days begins to run when the interview or initial examination occurs, regardless of whether the background check was complete at that time." Elaloul v. Hansen, No. 07 cv 00215, Slip op., 2007 WL 1299274, at *2 (N.D.Ohio, May 1, 2007). With respect to the second prong of the government's argument, courts have found jurisdiction to exist under the Administrative Procedures Act and this Court agrees with those findings. Id.; see also Shah v. Hansen, No. 07 cv 1576, slip op., 2007 WL 3232353, at *3-*7 (N.D.Ohio Oct. 31, 2007); Tang v. Chertoff, 493 F. Supp. 2d 148, 151-54 (D. Mass. 2007). Finally, given the unique circumstances of this case – Mr. Shayesteh's interview was nearly four years ago and the government has not indicated that this matter will proceed at any point in the near future– the Court does not believe that a remand to CIS is appropriate.

For the foregoing reasons, the government's *Motion to Dismiss or to Remand to U.S. Citizenship and Immigration Services* (Doc. 10) is **DENIED**. The government shall answer Shayesteh's petition, and, within thirty (30) days of the date of this order, the parties shall file cross-motions for summary judgment addressing whether the delay in adjudicating Shayesteh's petition is unreasonable.

**IT IS SO ORDERED.**

                                                **s/Kathleen M. O'Malley**
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: February 14, 2008**